UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STEVEN C. GARRISON, SR.,

    Plaintiff,

v.                                        2:08CV540

MICHAEL J. ASTRUE, COMMISSIONER,
Social Security Administration,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Steven C. Garrison, Sr. brought this action under 42 U.S.C. §§ 1383(c)(3) and 405(g) seeking judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act. By order filed May 21, 2009, this action was referred to a United States Magistrate Judge[1] pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure. (Doc. #9).

## I. PROCEDURAL BACKGROUND

On October 3, 2006, plaintiff filed an application for DIB and SSI alleging an onset of disability as of August 26, 2006. (R. 109).[2] The application is plaintiff's third application for DIB,

---

[1] The Order of Referral designated United States Magistrate Judge James E. Bradberry who retired effective January 31, 2010. This Report and Recommendation was prepared by Judge Bradberry's duly appointed successor, United States Magistrate Judge Douglas E. Miller, who was appointed effective February 1, 2010.

[2] "R." refers to the Administrative Record.

and his second for SSI. (R. 12). Plaintiff's previous applications were denied. (R. 12). With regard to the latest application, the Commissioner denied it initially (R. 71-83), and upon reconsideration (R. 86-90). Plaintiff then requested an administrative hearing. (R. 97-98). The hearing was conducted March 20, 2008. (R. 42-51). At the hearing, plaintiff was represented by attorney Kenneth Pilla.

On June 27, 2008, Administrative Law Judge ("ALJ") Michael J. Cummings issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act, and denying plaintiff's claim for DIB and SSI. (R. 9-20). On September 12, 2008, the Appeals Council of the Office of Hearings and Appeals of the Social Security Administration denied review of the ALJ's decision (R. 1-3), thereby making the ALJ's decision the final decision of the Commissioner.

Plaintiff, proceeding pro se, commenced the instant action seeking judicial review of the Commissioner's final decision. Plaintiff filed a motion to proceed in forma pauperis on November 14, 2008. (Doc. #1). The motion was granted and plaintiff's complaint was filed November 21, 2008. (Doc. #3). Defendant filed its answer on May 20, 2009. (Doc. #7).

By Order filed May 26, 2009, plaintiff was directed to file a motion for summary judgment and a supporting memorandum. (Doc. #10). On June 17, 2009, plaintiff filed a motion for an extension of time to file his motion for summary judgment. (Doc. #11). The Court granted plaintiff's motion on June 24, 2009, and gave him until July 22, 2009, to file the summary judgment motion and supporting brief. (Doc. #13).

Despite the extension, Plaintiff failed to file a motion for summary judgment as required by the May 26, 2009 Order. On July 27, 2009, defendant filed a motion to dismiss, along with a supporting memorandum. (Doc. #'s 14-15). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff was given an opportunity to respond to defendant's motion to dismiss with any material that he wished to offer in rebuttal. (Doc. #16). The Notice advised plaintiff

2

that failure to submit any materials could result in an adverse judgment based on defendant's motion. Id. On August 20, 2009, plaintiff filed a one-page handwritten document styled "To Whom This May Concern", which the Court has construed as the plaintiff's opposition to the motion to dismiss. (Doc. #18). Plaintiff failed, however, to include a certificate of service. Therefore, the Clerk filed plaintiff's submission subject to defect.

## II. ANALYSIS

As stated above, plaintiff's response to defendant's motion to dismiss was filed subject to defect. The Court has reviewed plaintiff's response and has determined that the defect shall be waived and the response considered. Accordingly, the Clerk is DIRECTED to file plaintiff's response, and defendant's motion to dismiss is now ripe for decision.

In the motion presently before the Court, defendant requests that the instant action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), which provides that a defendant may move for an involuntary dismissal when a plaintiff fails to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). As stated above, plaintiff was initially ordered to file a motion for summary judgment on or before June 22, 2009. Plaintiff was granted a thirty-day extension of time in which to file his motion. Despite being given two opportunities, plaintiff failed to file any motion for summary judgment, or any pleading or document which the Court could reasonably construe as a motion for summary judgment.

After missing the extended deadline, the plaintiff did file a document responding to defendant's motion to dismiss in which he contends that the action should not be dismissed because he has "new information." (Doc. #18 at 1). Attached to plaintiff's one-page response is an exhibit consisting of medical records, most of which relate to evaluations performed after June 27, 2008, the date of the ALJ's decision and therefore subsequent to the period of alleged disability that is the subject

3

of the instant action and not part of the administrative record before the ALJ. Even granting plaintiff wide latitude, plaintiff has failed to demonstrate that the records he submitted qualify as newly discovered evidence under 42 U.S.C. § 405(g)[3] that would require a remand. See Arthur v. Barnhart, 211 F. Supp. 2d 783, 787-88 (W.D. Va. 2002) (reciting the four prerequisites that must be met before a reviewing court may remand a case to the Commissioner based on newly discovered evidence); see Szubak v. Secretary of Health and Human Srvcs., 745 F.2d 831, 833 (3d Cir. 1984) ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.").

In addition to being non-responsive, the Court notes that plaintiff has still failed to file any motion for summary judgment as previously ordered. This despite being put on notice that defendant was moving to dismiss the action due to plaintiff's failure to comply with the Court's Order. The plaintiff has failed to comply with multiple orders of this Court and otherwise failed to prosecute the action.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that the instant action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b). Because of the Plaintiff's pro se status and the severity of a with prejudice dismissal, the Court recommends that the matter be

---

[3]Section 405(g) provides, in part:

> [The Court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

dismissed without prejudice. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204 (4th Cir. 2006) (noting that Rule 41(b) sets forth nothing more than a default rule for dismissal with prejudice and that the District Court has the discretion to specify otherwise).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir)., cert. denied, 467 U.S. 1208 (1984).

/s/
Douglas E. Miller
United States Magistrate Judge

Norfolk, Virginia
February 5, 2010

5

Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Steven C. Garrison, Sr.
940 Oklahoma Dr.
Chesapeake, VA 23323

Virginia Van Valkenburg
United States Attorney's Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

____Feb. 5____, 2010